RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Christopher J. Cordova*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER J. CORDOVA, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE 1 d/b/a www.youtube.com/@Destination2Truth, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR:** <br><br> 1. **Copyright Infringement, 17 U.S.C. §§ 101** *et seq.* <br> 2. **Declaration of Copyright Infringement** <br><br> **JURY TRIAL DEMANDED** |

1

**COMPLAINT**

Plaintiff, Christopher J. Cordova a/k/a Denver Metro Audits ("Plaintiff"), files this action against an unknown individual who operates the YouTube channel located at the URL www.youtube.com/@Destination2Truth ("Defendant") and alleges as follows:

## INTRODUCTION

1. This case arises from the unauthorized use of a copyrighted video titled *"Another Chad Exposed!!! Worthless Denver Cops…ASSAULTED!!!"* (the "Registered Video") created and published by Plaintiff on his YouTube channel "Denver Metro Audits" (@DenverMetroAudits). The 48-minute. 14-second video captures a real-time confrontation between Plaintiff, members of the Denver Police Department, and a third-party bystander. It was filmed and released to expose potential police misconduct and promote public accountability.

2. Defendant, a YouTube content creator operating under the alias "Destination 2Truth," republished more than 90% of Plaintiff's original video (excluding intro)—over 42 minutes of expressive footage.

## JURISDICTION AND VENUE

3. This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and includes a claim for Declaratory Relief under 28 U.S.C. § 2201.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) and § 1391(b), as the infringing content was published and distributed via YouTube, a platform headquartered in this District.

## PARTIES

6. Plaintiff Christopher J. Cordova is a resident of Colorado and the creator and operator of the YouTube channel "Denver Metro Audits" (@DenverMetroAudits).

7. Defendant is an unknown individual operating a YouTube channel at the URL www.youtube.com/@Destination2Truth.

**FACTUAL ALLEGATIONS**

8. On or about March 16, 2022, Plaintiff published the Registered Video to his YouTube channel @DenverMetroAudits where it was made available to the public. The video was filmed, edited, and published by Plaintiff as part of his ongoing effort to document public accountability and government conduct. Plaintiff's video is available at the URL: https://youtu.be/bhgHsPl4Mr0?si=F-7EgMg0bBZiy-QY.

9. The Registered Video was filmed, edited, and released as an original, standalone work.

10. Plaintiff registered the video with the U.S. Copyright Office under Registration Number PA002457989 on February 6, 2024.

11. Defendant operates a YouTube channel under the name "Destination 2Truth," which routinely republishes copyrighted videos (www.youtube.com/@Destination2Truth).

12. In June, 2025, Plaintiff discovered that Defendant had previously published a video using large portions of Plaintiff's Registered Video (the "Infringing Video") to his YouTube channel at the URL: https://www.youtube.com/watch?v=YLUC9S3DtyA.

13. Defendant did not obtain permission or a license from Plaintiff to use the Registered Video in the Infringing Video.

14. The Infringing Video includes over 42 minutes of Plaintiff's copyrighted content.

15. The Infringing Video includes three uninterrupted segments of 9:39, 8:06, and 9:45, respectively.

16. Defendant did not obtain a license or authorization to use any portion of the Registered Video and did not add *any* commentary during these extended portions.

17. After witnessing Defendant's blatant copyright infringement, Plaintiff exercised his rights under copyright law. On or about June 13, 2025, Plaintiff submitted a valid takedown notice to YouTube for the unauthorized use of the Registered Video.

18. On or about June 16, 2025, YouTube removed the Infringing Video.

19. To date, Defendant has not filed a counter-notification pursuant to 17 U.S.C. § 512(g).

20. Plaintiff now seeks damages, declaratory and injunctive relief for post-registration infringement pursuant to the Copyright Act.

## FIRST CAUSE OF ACTION

### Copyright Infringement, 17 U.S.C. § 501

21. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 20.

22. Plaintiff is the author and sole owner of all rights in the Registered Video registered with the U.S. Copyright Office under Registration No. PA0002457989.

23. Defendant copied, displayed, and distributed substantial portions of Plaintiff's video without authorization.

24. Defendant incorporated more than 42 minutes of Plaintiff's copyrighted work into the Infringing Video published on YouTube, without a license or permission.

25. Defendant's use of the Registered Video was for commercial purposes, including monetization through advertisements and promotion of merchandise.

26. Defendant's use of the Registered Video was not transformative and does not qualify as Fair Use.

27. As a result of Defendant's infringement, Plaintiff has suffered actual damage including lost viewership, lost revenue, reputational harm, and diminution of the market value of the Registered Video.

28. Plaintiff is entitled to recover statutory damages pursuant to 17 U.S.C. § 504(c), or alternatively, actual damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

29. Plaintiff is further entitled to injunctive relief, attorney's fees, and costs pursuant to 17 U.S.C. §§ 502 and 505.

## SECOND CAUSE OF ACTION

### Declaration of Copyright Infringement, 28 U.S.C. § 2201

30. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 29.

31. An actual and justiciable controversy exists between Plaintiff and Defendant concerning Defendant's use of Plaintiff's Registered Video.

32. Plaintiff contends that Defendant's use of Plaintiff's Registered Video constitutes copyright infringement pursuant to 17 U.S.C. § 501 and is not protected under the doctrine of fair use.

33. Defendant apparently believes that his use of the Registered Video is protected by 17 U.S.C. § 107 as stated in his channel description below:

> We would also like to include that if you see one or more videos that you personally recorded on our channel, Then we ask that you educate urself [sic] with the FAIR USE ACT, Which Allows you're [sic] video to be used on other channels other then you're [sic] own channel, So as we say, KNOWLEDGE IS POWER - Thank You.

34. Plaintiff seeks a judicial declaration under 28 U.S.C. § 2201 that Defendant's unauthorized use of the Registered Video constitutes copyright infringement and is not protected by 17 U.S.C. § 107.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Christopher J. Cordova, prays for judgment against Defendant as follows:

A. That judgment be entered in favor of Plaintiff and against Defendant;

B. The Court enter a declaratory judgment that Defendant's use of the Registered Video constitutes copyright infringement and is not protected by the doctrine of fair use;

COMPLAINT

C.  A permanent injunction enjoining Defendant from further use of the Registered Video and requiring YouTube and any third-party platforms under Defendant's control to remove the Infringing Video and prevent further dissemination;

D.  An award of monetary damages in an amount to be determined at trial;

E.  An award of attorneys' fees and costs pursuant to 17 U.S.C. § 505;

F.  Any other relief the Court deems just and proper.

## JURY TRIAL DEMANDED

Dated: June 20, 2025

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Christopher J. Cordova*