1  RANDALL S. NEWMAN (SBN 190547)
2  Attorney at Law
   99 Wall St., Suite 3727
3  New York, NY 10005
4  212.797.3735
5  rsn@randallnewman.net

6  *Attorney for Plaintiff,*
    *Christopher J. Cordova*
7

8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11

12  CHRISTOPHER J. CORDOVA,              Case No. 25-cv-05207-DMR

13           Plaintiff,                  **HON. DONNA M. RYU**

14
       vs.                              **DISCOVERY MATTER**
15

16  JOHN DOE 1 d/b/a                     ***EX PARTE* APPLICATION FOR**
17  www.youtube.com/@Destination2Truth,  **LEAVE TO SERVE A THIRD-**
                                         **PARTY SUBPOENA PRIOR TO A**
18           Defendant.                  **RULE 26(F) CONFERENCE;**
                                         **MEMORANDUM OF POINTS AND**
19                                       **AUTHORITIES IN SUPPORT**
20                                       **THEREOF**

21

22

23

24

25

26

27

28

                            1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Christopher J. Cordova ("Plaintiff") will and hereby does apply to the Court *ex parte* for leave to issue a third-party subpoena on Google LLC d/b/a YouTube to identify Defendant prior to a Fed. R. Civ. P. 26(f) conference.

This application is based upon: the Memorandum of Points and Authorities; the concurrently-attached Declaration of Randall S. Newman; upon all pleadings and evidence on file in this matter; and upon such additional evidence or arguments as may be accepted by the Court.

Dated:      July 4, 2025                          Respectfully submitted,

By:   s/ Randall S. Newman
      Randall S. Newman, Esq.

      *Attorney for Plaintiff,*
      *Christopher J. Cordova*

*Ex Parte* **Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference**

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff Christopher J. Cordova ("Plaintiff") hereby respectfully submits this Memorandum of Points and Authorities in support of its *ex parte* application for leave to serve a third-party subpoena prior to the Rule 26(f) conference.

## INTRODUCTION

This is a copyright infringement action arising from the unauthorized use of Plaintiff's original audiovisual work titled *Another Chad Exposed!!! Worthless Denver Cops…ASSAULTED!!!* (the "Registered Video") by an anonymous YouTube user operating under the alias "Destination2Truth (the "D2T Channel")"[1]. The 48-minute. 14-second copyrighted video, captured and published by Plaintiff on his @DenverMetroAudits YouTube channel, documents a real-time encounter between Plaintiff, members of the Denver Police Department, and a third-party bystander. It was created to expose potential police misconduct and promote government accountability through public dissemination.[2]

The John Doe Defendant, who operates the D2T Channel, republished more than 90% of the Registered Video (excluding the intro) (the "Infringing Video"). The Infringing Video includes three uninterrupted segments of 9:39, 8:06, and 9:45, respectively—comprising a substantial portion of the Registered Video. The John Doe Defendant did not obtain a license, did not seek permission, and added no commentary, criticism, parody, or transformative content during these extended portions.[3]

---

[1] https://www.youtube.com/@Destination2Truth.

[2] Plaintiff's video is available at the URL https://youtu.be/bhgHsPl4Mr0?si=F-7EgMg0bBZiy-QY.

[3] The Infringing Video was posted to the URL  https://www.youtube.com/watch?v=YLUC9S3DtyA but was removed by YouTube after Plaintiff filed a DMCA takedown notice pursuant to 17 U.S.C. § 512(c). Defendant did not file a counter-notice pursuant to 17 U.S.C. 512(g).

*Ex Parte* **Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference**

Because the D2T Channel is pseudonymous and maintained via Google services (including YouTube and Gmail), Plaintiff cannot identify or serve the John Doe Defendant without Court-authorized discovery. Accordingly, Plaintiff respectfully moves for leave to serve a proposed Rule 45 subpoena on Google LLC (the "Proposed Subpoena"). The Proposed Subpoena is attached as Exhibit E to the Declaration of Randall S. Newman ("Newman Decl."). Plaintiff will use this limited discovery solely to investigate and serve the Defendant and proceed with this action. Without such relief, Plaintiff cannot protect his exclusive rights under the Copyright Act and cannot move forward with this litigation.

I.    **Legal Standard Governing Expedited Discovery Requests to Identify an Anonymous Defendant**.

Federal Rule of Civil Procedure 26(d)(1) generally prohibits discovery before the Rule 26(f) conference, except by court order. Courts in this District routinely grant expedited discovery where a plaintiff demonstrates good cause—especially in cases involving anonymous online defendants whose identities are not otherwise ascertainable. In *Columbia Insurance Co. v. seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999), the court established a widely adopted framework for authorizing early discovery to identify anonymous internet users. Under *seescandy*, a plaintiff must: (1) identify the defendant with sufficient specificity to show that the defendant is a real person or entity subject to suit; (2) describe all previous attempts to locate and identify the defendant; (3) establish a prima facie case against the defendant, including a plausible claim for copyright infringement; and (4) show that the requested discovery is necessary and narrowly tailored to uncover the defendant's identity. *Id.* at 578–80.

These requirements are intended to balance a plaintiff's right to pursue legitimate claims with a defendant's right to remain anonymous until the claim is substantiated. Courts applying *seescandy* have emphasized that such discovery should be "limited and focused" to ensure minimal intrusion into privacy. *See also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the identity of alleged defendants [is] not known prior

*Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference

to the filing of a complaint…the plaintiff should be given an opportunity through discovery to identify the unknown defendants…").

As shown below, Plaintiff satisfies all four *seescandy* criteria and respectfully requests leave to serve the Proposed Subpoena on Google, LLC to obtain the information sought therein.

## II.    ARGUMENT

### 1.    The Operator of the Destination2Truth Channel is a Person or Entity Capable of Being Sued.

Where the identity of a defendant is unknown at the time of filing, a plaintiff should be permitted discovery to identify the unknown party and to identify the individual responsible for the infringing activity. *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Here, Plaintiff has identified the operator of the YouTube channel "Destination2Truth" as a real person or entity engaged in ongoing commercial activity. Based upon information and belief, the channel is actively monetized and publicly lists the contact email address La1Familiainc@gmail.com. (Newman Decl. ¶¶ 3-4, Ex. A). Another YouTube channel— Familia TV, https://www.youtube.com/@FAMILIA-TV, uses the same email address and displays an identical logo, strongly suggesting both channels are operated by the same individual or entity. (*Id*., Ex. B).

Both channels feature voiceover narration by the same distinctive speaker, who can be heard delivering commentary—including over Plaintiff's copyrighted footage—using an identifiable vocal style and cadence. (Newman Decl. ¶ 4). These facts strongly indicate that the operator of the D2T channel is a real person or business entity engaged in consistent, monetized online activity across multiple channels. Accordingly, Plaintiff respectfully requests that the subpoena to Google encompass both channels, as the registration data for either may confirm the identity of the John Doe Defendant.

### 2.    Plaintiff Previously Attempted to Contact the Channel Owner.

The only contact information publicly available on the Destination 2Truth ("D2T") YouTube channel is the email address La1Familiainc@gmail.com. (Newman Decl. ¶ 3,

*Ex Parte* **Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference**

1    Ex. A). The channel does not list a physical address, phone number, or any linked website

2    or social media accounts that could assist in identifying the operator. (*Id*.).

3         On June 24, 2025, Plaintiff's counsel sent an email to the listed Gmail address,

4    attaching a copy of the complaint and requesting that the channel owner contact counsel to

5    discuss the matter and potentially resolve it without court involvement. (Newman Decl. ¶

6    5, Ex. C). The email was sent successfully and was not returned as undeliverable. *(Id*.)

7    However, the operator of the D2T channel has not responded and has made no effort to

8    contact Plaintiff's counsel. *(Id*.) This email represents Plaintiff's good-faith attempt to

9    identify the John Doe Defendant through informal means before seeking early discovery.

10   **3.    Plaintiff Has Made a *Prima Facie* Claim of Copyright Infringement.**

11        Plaintiff owns the exclusive rights to Registered Video and has registered the

12   copyright with the U.S. Copyright Office. (Newman Decl. ¶ 6, Ex. D). To state a claim for

13   copyright infringement, Plaintiff must allege: (1) ownership of a valid copyright, and (2)

14   copying of original elements of the work. *Feist Pub., Inc. v. Rural Tel. Serv. Co.*, 499 U.S.

15   340, 361 (1991).

16        Plaintiff's Complaint satisfies both elements. First, Plaintiff is the original author

17   and owner of the video titled *Another Chad Exposed!!! Worthless Denver*

18   *Cops…ASSAULTED!!!*, which captures real-time, expressive footage of a police encounter

19   and was published on Plaintiff's YouTube channel @DenverMetroAudits. (Compl. ¶¶ 8-

20   10). Plaintiff has registered this video with the U.S. Copyright Office. (Newman Decl. ¶ 6,

21   Ex. D).

22        Second, the Complaint alleges that Defendant copied substantial portions of the

23   Registered Video without permission, including three uninterrupted segments lasting 9:39,

24   8:06, and 9:45, respectively—amounting to over 42 minutes of expressive content

25   reproduced nearly verbatim. (Compl. ¶¶ 12-16). The copied portions include not only

26   factual events but Plaintiff's original creative expression, such as camera framing,

27   narration, real-time commentary, editing choices, and pacing. Defendant's use was not

28   transformative, as the Infringing Video contains minimal to no commentary during large

*Ex Parte* **Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference**

stretches of Plaintiff's footage. (*Id*.). These facts, taken as true, are more than sufficient to establish a prima facie claim of copyright infringement.

**4.      The Discovery Request is Narrowly Tailored**

Plaintiff's Proposed Subpeona is narrowly tailored to seek only the limited information necessary to identify the Doe Defendant. (Newman Decl. Ex. E). The proposed Subpoena to Google, LLC seeks basic subscriber registration information, IP address logs, and other information associated with the YouTube channel "Destination2Truth," as well as a second channel linked to the same public email address (La1Familiainc@gmail.com). (Newman Decl. ¶ 7, Ex. E).

The Proposed Subpeona does not request content, communications, or any information beyond what is reasonably calculated to identify the individual or entity responsible for the infringing upload. It is narrowly limited in scope, directed only to Google, and concerns two specific channels tied to a single email address. This is precisely the type of early discovery routinely approved in cases involving anonymous defendants. *See Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999) ("[T]he discovery request must be narrowly tailored to minimize the impact on the First Amendment rights of the Doe defendants.").

Without this narrowly targeted information, Plaintiff cannot amend the complaint, serve the John Doe Defendant, or proceed with the case. The attached subpoena represents the least intrusive means to advance this litigation in a fair and proportionate manner. In short, the Subpoena seeks no more information than is necessary to accomplish service, precisely the function Rule 26(d) is intended to support in Doe-defendant cases.

**5.      Plaintiff Could Have Pursued a Subpoena using 17 U.S.C. § 512(h) Without Court Intervention.**

Under 17 U.S.C. § 512(h), a copyright owner may obtain a subpoena to identify an alleged infringer directly from the Clerk of Court, without filing a lawsuit, making any evidentiary showing, or demonstrating personal jurisdiction over the individual. Plaintiff submitted a valid takedown notice under § 512(c) and owns a registered copyright for the

*Ex Parte* **Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference**

1 infringed video content. (Newman Decl. Ex. D). As such, Plaintiff would have been

2 entitled to a § 512(h) subpoena by simply submitting a short form and sworn declaration.

3   Under these circumstances, it would be incongruous to deny Plaintiff the limited

4 discovery necessary to serve the complaint, when a far less transparent mechanism exists

5 to achieve the same result without judicial oversight. Granting early discovery here upholds

6 the spirit of due process and reinforces the Court's supervisory role.

7   This case is distinguishable from anonymous file-sharing lawsuits where courts in

8 this District have expressed concern about privacy rights and the potential for abuse. Here,

9 Plaintiff filed a legitimate takedown pursuant to 17 U.S.C. § 512(c), holds a registered

10 copyright, and seeks to identify a commercial operator of a public, monetized YouTube

11 channel that republished Plaintiff's copyrighted work for profit. Unlike copyright "troll"

12 cases involving alleged downloads of pornographic content, this action is transparently

13 filed, supported by a registered work, and does not seek coercive settlements or exploit

14 sealed proceedings.

15   Moreover, a § 512(h) subpoena may be issued by the Clerk of ***any*** federal district

16 court, without regard to the alleged infringer's residence. (17 U.S.C. § 512(h)(1) states that

17 "…the copyright owner…may request the clerk of any United States district court to issue

18 a subpoena to a service provider…"). Accordingly, it would be inconsistent to deny

19 discovery here when the same unmasking relief could be obtained through § 512(h),

20 without any jurisdictional showing at all.

21   By proceeding via a public complaint instead of an administrative subpoena,

22 Plaintiff has invoked full judicial oversight and afforded the Doe Defendant the protections

23 of Rule 45 and the Federal Rules of Civil Procedure. This approach promotes transparency,

24 fairness, and due process, and it should not be penalized for demanding *more* procedural

25 protection, not less.

26   In the alternative, should the Court determine that early discovery is unavailable in

27 this action, Plaintiff respectfully requests that the case be stayed to permit the filing of a

28 separate proceeding under § 512(h) solely to identify the Doe Defendant. However,

*Ex Parte* **Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference**

1  requiring such procedural gymnastics would unnecessarily burden both Plaintiff and the

2  judiciary, given that the requested information can be obtained more efficiently—and with

3  greater fairness—through targeted discovery in this properly filed case.

**CONCLUSION**

5      For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave

6  to serve the proposed subpoena on Google, LLC, in the form attached as Exhibit __, for

7  the limited purpose of identifying the Doe Defendant. Plaintiff has stated a *prima facie*

8  claim of copyright infringement, has shown that the discovery sought is both necessary and

9  narrowly tailored, and cannot proceed without identifying the individual responsible for

10  the infringing conduct. Early discovery is therefore warranted under applicable law.

Dated:  July 4, 2025

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Christopher J. Cordova*

*Ex Parte* **Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference**