UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN 1 DOE,<br><br>    Defendant. | Case No. 25-cv-05207-DMR<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR EARLY DISCOVERY; GRANTING STAY**<br><br>Re: Dkt. No. 6 |

On June 20, 2025, Plaintiff Christopher J. Cordova filed this copyright infringement case against the John Doe Defendant who operates the YouTube channel "Destination 2Truth," alleging that the Doe Defendant infringed Plaintiff's rights to an original video Plaintiff published. [Docket No. 1 (Compl.) ¶¶ 1-2.] On July 4, 2025, Plaintiff filed an *ex parte* application for leave to conduct discovery prior to the Rule 26(f) conference. [Docket No. 6 (Mot.).] Plaintiff moves for leave to serve a Rule 45 subpoena on third-party Google LLC to determine the identity, physical address, and contact information for the individual or entity operating "Destination 2Truth," as well as the individual or entity operating the allegedly affiliated YouTube channel "Familia-TV." [Docket No. 6-1 (Proposed Subpoena).]

A court may authorize discovery before the Federal Rule of Civil Procedure 26(f) conference "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3). Courts have permitted "limited discovery . . . after [the] filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999); *see also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the true identity of the defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery

1    would not uncover the identities, or that the complaint would be dismissed on other grounds").

2        The plaintiff must show good cause for early discovery. *Semitool, Inc. v. Tokyo Electron*
3    *Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for
4    expedited discovery, in consideration of the administration of justice, outweighs the prejudice to
5    the responding party." *Id.*; *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066
6    (C.D. Cal. 2009) ("The party seeking expedited discovery . . . has the burden of showing good
7    cause for the requested departure from usual discovery procedures" (quoting *Qwest Commc'ns*
8    *Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Courts examine
9    whether the plaintiff (1) has "identif[ied] the missing party with sufficient specificity such that the
10   Court can determine that the defendant is a real person or entity who can be sued in federal court,"
11   (2) recounted "all previous steps taken to locate the elusive defendant," (3) established that the
12   action can withstand a motion to dismiss, and (4) demonstrated a "reasonable likelihood that the
13   discovery process will lead to identifying information about [the] defendant that would make
14   service of process possible." *Columbia,* 185 F.R.D. at 578-80.

15       Having evaluated Plaintiff's motion for early discovery "in light of all the surrounding
16   circumstances," *Semitool*, 208 F.R.D. at 275 (cleaned up), the court finds that Plaintiff has failed
17   to satisfy his burden to show good cause to take early discovery. Specifically, Plaintiff has not
18   demonstrated under the first and third *Columbia* requirements that the court likely has personal
19   jurisdiction over the Doe Defendant. *See Columbia*, 185 F.R.D. at 578 (explaining that the first
20   factor "is necessary to ensure that federal requirements of jurisdiction and justiciability can be
21   satisfied").

22       Plaintiff has adequately identified Defendant's online alias to establish that he is a real
23   person who may be sued. Comp. ¶ 2; Mot. 5. However, Plaintiff has not sufficiently shown that
24   Defendant may be sued in this court. Plaintiff is a resident of Colorado, and the allegedly
25   infringed video appears to have been filmed in Denver. Compl. ¶¶ 1, 6. Plaintiff asserts that
26   venue is proper in this district "pursuant to 28 U.S.C. § 1400(a) and § 1391(b), as the infringing
27   content was published and distributed via YouTube, a platform headquartered in this District." *Id.*
28   ¶ 5. However, section 1400(a) states only that a copyright infringement action may be brought "in

the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "The Ninth Circuit interprets this statutory provision to allow venue 'in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.'" *Freeman v. Apple, Inc.,* No. 3:23-CV-02426-WHO, 2023 WL 5110926, at *2 (N.D. Cal. Aug. 9, 2023) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)). Similarly, section 1391(b) provides that venue is proper where any defendant "resides," where a "substantial part of the events or omissions giving rise to the claim occurred," or where "any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Nothing in the complaint or the motion for early discovery suggests that Defendant resides in the Northern District of California or that a substantial part of the events or omissions giving rise to the claim occurred in this district. Plaintiff alleges that Defendant published and distributed the infringing content on YouTube, and alleges that YouTube is headquartered in this district; but YouTube's headquarters goes to the court's personal jurisdiction over YouTube, not the court's personal jurisdiction over Defendant. *See Walden v. Fiore*, 571 U.S. 277, 285-286 (2014) (the court's personal jurisdiction analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there . . . a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction"). Plaintiff has not demonstrated that the court likely has personal jurisdiction over the Doe Defendant.

Plaintiff appears to concede in his motion that he has not demonstrated personal jurisdiction over Doe Defendant. He argues, instead, that he does not need to demonstrate personal jurisdiction because such a showing is not required for Plaintiff to pursue a subpoena under 17 U.S.C. § 512(h). Section 512(h) allows a copyright owner to issue a subpoena to a service provider for identification of an alleged infringer, regardless of the alleged infringer's residence. 17 U.S.C. § 512(h)(1). Plaintiff therefore argues that "it would be inconsistent to deny discovery here when the same unmasking relief could be obtained through § 512(h), without any jurisdictional showing at all." Mot. 8.

Plaintiff's argument has no merit. A section 512(h) subpoena is "its own civil case" where

the sole issue is whether the subpoena should be enforced or not. *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020). It is a very different matter to bring an actual copyright infringement case against a defendant. Plaintiff points to no case that supports his argument that the regular jurisdictional requirements of an application for early discovery do not apply to copyright cases simply because it would be more convenient.

The court DENIES Plaintiff's *ex parte* application for early discovery.

In the alternative, Plaintiff requests that the court stay the case to permit the filing of a separate proceeding under section 512(h) to identify the Doe Defendant. The court GRANTS the motion to stay. Plaintiff shall file a status report in this case by **January 7, 2026.** If Plaintiff fails to file a timely status report, the case may be dismissed for failure to prosecute. All other case deadlines are vacated.

**IT IS SO ORDERED.**

Dated: July 11, 2025

Donna M. Ryu
Chief Magistrate Judge